1  John S. Curtis (Bar No. 50350)
2  Email: jcurtis@azraellaw.net
   **LAW OFFICES OF JULIA AZRAEL**
3  5200 Lankershim Boulevard, Suite 850
4  North Hollywood, California 91601
   Telephone: (818) 766-5177
5  Facsimile: (818) 766-5047

6
   David E. Martin, *pro hac vice admittee*
7  David.e.martin@macys.com
   Catherine E. Sison, *pro hac vice admittee*
8  Catherine.sison@macys.com
   611 Olive Street, 10th Floor
9  St. Louis, MO 63101
   Telephone: (314) 342-6719
10 Facsimile: (314) 342-6066

11 Attorneys for Defendants
12 MACY'S, INC. and MACY'S WEST STORES INC.

13 [*continued on next page*]

14

15                    **UNITED STATES DISTRICT COURT**

16                    **CENTRAL DISTRICT OF CALIFORNIA**

17

| 18 | STEVEN QUINLAN, individually and on behalf of all others similarly situated, | ) Case No. CV12 0737 |
|---|---|---|
| 19 | | ) |
| 20 | Plaintiff, | ) Honorable Dean D. Pregerson |
| 21 | vs. | ) **STIPULATED** |
| 22 | MACY'S CORPORATE SERVICES, | ) **PROTECTIVE ORDER** |
| 23 | INC., and DOES 1 through 100, inclusive | ) Complaint Filed: Dec. 21, 2011 |
| 24 | Defendants. | ) Removed: Jan. 27, 2012 |
| 25 | | ) Discovery Cutoff: None |
| 26 | | ) Motion Cutoff:    None |
| 27 | | ) Trial Date:       None |
| 28 | | ) |

1  Matthew R. Bainer, Esq.
   Hannah R. Salassi, Esq.
2  **SCOTT COLE & ASSOCIATES, APC**
3  1970 Broadway, Ninth Floor
   Oakland, California  94612
4  Tel: (510) 891-9800
5  Fax: (510) 891-7030
   Email:  mbainer@scalaw.com
6          hsalassi@scalaw.com
7          scole@scalaw.com

8  Attorney for Plaintiffs

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAW OFFICES OF JULIA AZRAEL**
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

**STIPULATED PROTECTIVE ORDER**

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1. Good cause exists as follows: during the pendency of this case, the parties anticipate that they will produce to one another certain information and documents that the producing party believes contain confidential and/or proprietary information the unprotected disclosure of which could have an adverse and detrimental impact on the legitimate business of the disclosing party and the constitutionally-enshrined privacy interests of third parties to the litigation. Such information includes, but is not limited to, information regarding Defendant's California employees who elected to participate in Defendant's voluntary arbitration program (Solutions InSTORE), the identity and personal contact information for Defendant's California employees and certain business information not released to the public or in the public domain such as sales and shortage numbers relating to its California stores. A party disclosing any such information, which the party in good faith reasonably believes to be confidential may designate it as "Confidential" (hereinafter "Confidential Information"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties agree that the following limitations on the disclosure of such Confidential Information should be imposed.

2. Documents, discovery responses, information and materials produced hereafter and deposition testimony in the future designated as Confidential

Information shall be subject to the provision of this Stipulated Protective Order. If only a portion of a deposition transcript or other discovery item contains Confidential Information, only that portion will be subject to this Stipulated Protective Order. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to the receiving party or becomes part of the public domain after its disclosure to the receiving party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party.

3. All copies of documents, discovery responses or other materials produced and designated as containing Confidential Information, and all transcripts of depositions in which Confidential Information has been designated, shall have clearly stamped thereon "Confidential" on each page that contains protected material in a manner which avoids any interference with the legibility of the material.

4. The Confidential Information contained in documents, discovery responses, deposition transcripts and materials subject to this Protective Order shall be in connection with this case only for prosecuting, defending, or attempting to settle this litigation and may be disclosed only as follows:

    A. Confidential Information may be disclosed to the parties, their attorneys, and to members of the paralegal, secretarial or clerical staff (including shorthand reporters), as well as outside vendors assisting such

counsel. Outside vendors shall agree in writing to be bound by the terms and provisions of this Stipulated Protective Order and to subject themselves to the jurisdiction of this Court for purposes of enforcement of this Protective Order.

   B. Counsel may disclose Confidential Information to independent experts specifically retained for the purposes of this litigation to assist counsel in the prosecution and/or defense of this action or any appeal filed herein. Such experts shall agree in writing to be bound by the terms and provisions of this Stipulated Protective Order and to subject themselves to the jurisdiction of this Court for purposes of enforcement of this Protective Order.

   C. Confidential Information may be disclosed to the Court, pursuant to Paragraph 7 of this Stipulated Protective Order.

   D. Confidential Information may be disclosed to the author or recipient of the document containing the Confidential Information or to a custodian or other person who otherwise lawfully obtained the information.

   E. Except as provided in subpart A through D of this paragraph, the parties, their counsel, and others with permitted access to the Confidential Information shall not disclose it to any person or use it for any purpose except the prosecution or defense of this litigation.

   5. Except as limited below, Confidential Information may be used or elicited in party depositions and also in the preparation of non-party witnesses for deposition if the witness agrees in writing or on the record to preserve the confidentiality of such Confidential Information and not to use any such information for any purpose except this litigation.

   6. The use of Confidential Information in the taking of depositions, including their use as exhibits in such depositions, shall not

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

cause such documents or information to lose their status as Confidential Information.

7.   This Protective Order shall not preclude any party from filing and/or opposing motions in connection with this action. If a party deems it necessary to attach Confidential Information to a motion, opposition and/or other document to be filed and/or to file Confidential Information with the Court for any other purpose in connection with this action, settlement, trial, appeal, expiration of the time for appeal or otherwise, that party must follow the procedure for filing documents under seal set forth in Local Rule 79-5.1 before attaching or filing Confidential Information with the Court.

8.   After termination of this litigation, whether by trial, appeal, settlement or otherwise, the provisions of this Protective Order with respect to the dissemination of Confidential Information shall continue to be binding. The originals and all copies of such Confidential Information received by opposing counsel, with respect to such information shall be destroyed within sixty (60) days of the termination of this litigation and counsel shall certify in writing to counsel for the other party that such documents have been destroyed, except that the receiving counsel should be entitled to maintain one copy of all documents subject to the terms of this Protective Order.

9.   Nothing in this Protective Order shall be deemed or construed to be a waiver by either party of its right to seek to introduce, or to object on any grounds to the use of any Confidential Information, or any portions thereof, at any hearing or at the trial of this matter.

10.   Documents, discovery responses or materials designated as containing Confidential Information may be copied or otherwise reproduced without the permission of the producing party or an Order of the Court by persons entitled to receive such Information pursuant to paragraph 4 of this

1  Protective Order, provided that the use of such copies is restricted in
2  accordance with this Protective Order.  All copies so made shall be deemed
3  Confidential Information under the terms of this Protective Order and shall
4  be maintained as Confidential Information or destroyed at the termination of
5  this litigation as provided in Paragraph 8 herein.
6       11.   In the event a party disputes that materials or information,
7  designated by another party to be Confidential Information, should be
8  subject to the limitations on disclosure, then the parties may so agree in
9  writing or, if the parties cannot reach agreement, the party designating the
10 Confidential Information shall apply to the Court for an order that the
11 materials or information are subject to this Protective Order.
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1      12.    This Protective Order shall be binding upon the parties hereto, their successors, representatives and assigns, as well as all counsel for the parties hereto and their paralegals and office employees.

Dated: November 1, 2012

        MACY'S LAW DEPARTMENT

        By:   s/ Catherine E. Sison
        David E. Martin, *pro hac vice admittee*
        Catherine E. Sison, *pro hac vice admittee*
        -and-
        LAW OFFICES OF JULIA AZRAEL
        John S. Curtis (Bar No. 50350)

        Attorneys for Defendants Macy's, Inc. and Macy's Department Stores, Inc.

Dated: November 1, 2012

        **SCOTT COLE & ASSOCIATES, APC**

        By: /s/ Hannah R. Salassi
             Attorneys for Plaintiffs

It is so ordered.

Dated: December 3, 2012

        By:       /s/
        Hon. Jacqueline Chooljian
        United States Magistrate Judge

**LAW OFFICES OF JULIA AZRAEL**
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601