1 | Matthew R. Bainer (S.B. # 220972)
  | Hannah R. Salassi, Esq. (S.B. # 230117)
2 | **SCOTT COLE & ASSOCIATES, APC**
  | 1970 Broadway, Ninth Floor
3 | Oakland, California 94612
  | Telephone: (510) 891-9800
4 | Facsimile:  (510) 891-7030
  | Email:  mbainer@scalaw.com
5 | Email:  hsalassi@scalaw.com
  | Web:    www.scalaw.com
6 |
7 | Attorneys for Representative Plaintiff
  | and the Plaintiff Class
8 |

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 |

12 | STEVEN QUINLAN, individually, ) **Case No. CV 12 0737 DDP (JCx)**
13 | and on behalf of all others similarly )
   | situated, ) **CLASS ACTION**
   |  )
14 |               Plaintiffs, ) **PLAINTIFF'S NOTICE OF MOTION AND**
   |  ) **MOTION FOR CLASS CERTIFICATION;**
15 | vs. ) **MEMORANDUM OF POINTS AND**
   |  ) **AUTHORITIES IN SUPPORT THEREOF**
16 | MACY'S CORPORATE SERVICES, )
   | INC., and DOES 1 through 100, )
17 | inclusive, )
   |  )
18 |               Defendants. ) **Date:    March 18, 2013**
   |  ) **Time:    10:00 a.m.**
19 |  ) **Dept.:    Courtroom 3 – 2nd Floor**
   |  ) **Judge:   Honorable Judge Dean Pregerson**
20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

# TABLE OF CONTENTS

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ....................................................1

II.     STATEMENT OF FACTS .........................................................................................3

    A.      Macy's standardized business operations ..............................................3

    B.      ALL MACY'S RETAIL EMPLOYEES ARE TREATED THE SAME WAY......4

    C.      THE CHALLENGED POLICIES ARE IDENTICAL FOR ALL CLASS
        MEMBERS ......................................................................................5

III.    LEGAL ARGUMENT .............................................................................................7

    A.      class certification is appropriate under rule 23 ....................................7

        1.      The Proposed Class is Sufficiently Numerous..............................8

        2.      The Proposed Class Representative's Claim Is Typical of That of the
            Class ..............................................................................8

        3.      The Proposed Class Representative will Adequately Represent the
            Class ..............................................................................9

        4.      The Common Question Standards of Rule 23(a)(2) and 23(b)(3) are
            Satisfied.........................................................................10

            a.      Commonality Standards................................................10

            b.      A Classwide Proceeding will Generate Common Answers..........11

            c.      Courts Have Already Determined Cases Like this are Suited
                for Class Certification ..................................................13

            i.      All Remaining Liability Issues Can Be Addressed Via Class
                Treatment ................................................................15

    B.      A Class ACtion is the superior method of adjudicating thEse claims ..................16

IV.     CONCLUSION.....................................................................................................17

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Plaintiff's Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities in Support
Thereof

# TABLE OF AUTHORITIES

**Cases**

*Allied Orthopedic Appliances, Inc. v. Tyco Healthcare Group L.P.,*
   247 F.R.D. 156 (C.D. Cal. 2007) ................................................................. 16

*Arnold v. United Artists Theatre Cir., Inc.,*
   158 F.R.D. 439 (N.D. Cal. 1994) ................................................................. 9

*Arrendondo v. Delano Farms Co.,*
   2011 U.S. Dist. LEXIS 44134 (E.D. Cal. Apr. 18, 2011) ............................ 14

*Campbell v. First Investors Corp.,*
   2012 U.S. Dist. LEXIS 155549 (S.D. Cal. Oct. 29, 2012) ......................... 9

*Campion v. Old Republic Home Protec. Co., Inc.,*
   272 F.R.D. 517 (S.D. Cal. 2011) ................................................................. 8

*Dukes v. Wal-Mart, Inc.,*
   509 F.3d 1168 (9th Cir. Cal. 2007) ......................................................... 10, 11

*Gales v. WinCo Foods,*
   2011 U.S. Dist. LEXIS 96125 (N.D. Cal. Aug. 26, 2011) ......................... 14

*General Telephone Co. of Southwest v. Falcon,*
   457 U.S. 147 (1982) ................................................................................... 8

*Ghazaryan v. Diva Limousine, Ltd.,*
   169 Cal.App.4th 1524 (2008) ..................................................................... 16

*Gopi Vedachalam v. Tata Consultancy Servs.,*
   2012 U.S. Dist. LEXIS 46429 (N.D. Cal. Apr. 2, 2012) ............................ 14

*Gutierrez v. Kovacevich "5" Farms,*
   2004 WL 3745224 (E.D. Cal. 2004) ........................................................... 13

*Hanlon v. Chrysler Corp.,*
   150 F.3d 1011 (9th Cir. Cal. 1998) ........................................................... 10

*Harris v. Palm Springs Alpine Estates, Inc.,*
   329 F.2d 909 (9th Cir. 1964) ....................................................................... 8

*IBP, Inc. v. Alvarez,*
   546 U.S. 21 (2005) ................................................................................. 12, 13

In *Brinker Restaurant Corp. v. Superior Court,*
   53 Cal. 4th 1004  (2012) ............................................................................. 14

In re *Autozone, Inc.,*
   2012 U.S. Dist. LEXIS 181597 (N.D. Cal. Dec, 21, 2012) .................... 8, 14, 15

In re *Ferrero Litig.,*
   278 F.R.D. 552 (S.D. Cal. 2011) ................................................................. 8

In re *Taco Bell Wage & Hour Actions*, 2012 U.S. Dist. LEXIS 168219 (E.D. Cal. Nov. 26, 2012)
   ............................................................................................................... 9

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Plaintiffs' Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities in Support Thereof

*In re Visa Check/Mastermoney Antitrust Litig. v. Visa, United States*,
    280 F.3d 124 (2d Cir. N.Y. 2001) ................................................................ 16

*Kamar v. Radio Shack Corp.*,
    254 F.R.D. 387 (C.D. Cal. 2008) ............................................................... 14

*Kurihara v. Best Buy Co.*,
    2007 U.S. Dist. LEXIS 64224 (N.D. Cal. Aug. 29, 2007) ......................... 13, 14, 15

*Linder v. Thrifty Oil Co.*,
    23 Cal. 4th 429 (2000) ................................................................................. 7

*McLaughlin v. Ho Fat Seto*,
    850 F.2d 586 (9th Cir. 1988) ....................................................................... 13

*Misra v. Decision One Mortg. Co.*,
    2009 U.S. Dist. LEXIS 119468 (C.D. Cal. Apr. 13, 2009) ........................... 9

*Morillion v. Royal Packing Co.*,
    22 Cal. 4th 575 (2000) ................................................................................. 12

*Prince v. CLS Transportation, Inc.*,
    118 Cal.App.4th 1320 (2004) ...................................................................... 17

*Rutti v. Lojack Corp.*,
    596 F.3d 1046 (9th Cir. Cal. 2010) ............................................................. 12

*Social Servs. Union, Local 535 v. County of Santa Clara*,
    609 F.2d 944 (9th Cir. 1979) ....................................................................... 9

*Sullivan v. Kelly Servs.*,
    268 F.R.D. 356 (N.D. Cal. 2010) ............................................................... 10

*Villa v. United Site Servs. of Cal., Inc.*,
    2012 U.S. Dist. LEXIS 162922 (N.D. Cal. Nov. 13, 2012) ........................ 8

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (2011) ................................................................................ 11

**Labor Code**
Cal. Lab. Code
    §226.7 ........................................................................................................ 13

Cal. Lab. Code
    §512 .......................................................................................................... 13

**IWC Wage Orders**
IWC Wage Order No. 7
    §11 ........................................................................................................... 13

IWC Wage Order No. 7
    §12 ........................................................................................................... 13

**Newberg**

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Plaintiffs' Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities in Support
Thereof

2 *Newberg*
   § 4:25 (4th Ed. 2002) ........................................................................ 10, 11

**Federal Rules of Civil Procedure**
Fed. R. Civ. Pro.
   Rule 23 ............................................................... 1, 7, 8, 9, 10, 17

Fed. R. Civ. Pro.
   Rule 23(a) ........................................................................ 1, 7, 17

Fed. R. Civ. Pro.
   Rule 23(b)(3) ............................................................................ 1

Fed. R. Civ. Pro.
   Rule 23(d)(2) ............................................................................ 1

Fed. R. Civ. Pro.
   Rule 23(g) ............................................................................ 1

FRCP
   Rule 30(b)(6) ............................................................................ 4

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Plaintiffs' Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities in Support Thereof

**NOTICE OF MOTION:**

**TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:**

     **NOTICE IS HEREBY GIVEN** that on March 18 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3 – 2nd Floor, of the above-entitled Court, located at 312 North Spring Street, Los Angeles, CA 90012, Representative Plaintiff ("Plaintiff") Steven Quinlan will, and hereby does, move this Court for an Order granting Class Certification under Fed. R. Civ. Pro. Rule 23 on behalf of all persons who are/were employed in one or more of defendant Macy's Corporate Services, Inc. ("Macy's" or "Defendant") California retail stores at any time after December 21, 2007. Plaintiff will also seek an Order appointing undersigned counsel as class counsel under Fed. R. Civ. Pro. Rule 23(g).  This motion is based on the memorandum of points and authorities, the accompanying declarations and exhibits, and any further briefing and arguments of counsel.

**RELIEF SOUGHT:**

     Plaintiff requests this Court (1) certify this case as a class action under Fed. R. Civ. Pro. Rule 23(a) and 23(b)(3), with a right for class members to opt out under Rule 23(d)(2); (2) approve notice to the class of the pending action; and (3) appoint Plaintiff's counsel to serve as counsel to the class pursuant to Fed. R. Civ. Pro. Rule 23(g).

**I.      INTRODUCTION AND SUMMARY OF ARGUMENT**

     This action challenges the legality of two policies of Macy's which are, as readily admitted by those responsible for the design and implementation thereof, to be entirely uniform in content and effect at all of Macy's California retail store locations. As such, the legality of those policies under California's stringent minimum statutory requirements can be analyzed with common proof and resolved with one common answer for all members of the herein proposed class.

     This crux of this case is the impact of Macy's package check policy on its retail employees. Like employees of any retailer, Macy's workers spend hours each day on their feet, attending to

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

customers and stocking and merchandising Macy's products. However, for Macy's employees, the responsibility to maximize their employer's profits does not end when they clock out for the door. Rather, Macy's has a policy of routinely requiring its employees to submit to inspections of their belongings ("package checks") after clocking out for the door but before exiting the premises.[1] Moreover, Macy's has a second companion policy which mandates that putative class members receive no compensation for their required participation in Macy's package checks, even if the inspections push employees into overtime, bring pay below minimum wage and/or reduce their break time below the statutory minimums.[2] As such, Macy's policy does not provide any compensation for the time employees spend under its control in package checks, nor the one hour wage penalty when an employee's statutory meal or rest break is shortened.

Macy's makes no secret of its practice. The company communicates the inspection procedures in near-identical corporate-generated documents, evenly-distributed to all stores in Macy's retail chain. Macy's explains that this practice furthers the goal of *reducing* employee theft, thus *increasing* corporate profits.[3] While Macy's profits might be increasing, its employees receive nothing in exchange for their required cooperation in the package checks.

---

[1]  Exhibit "C" Deposition of Arellano ¶ ¶96:18-22 "So the general process would be employees start and end their day in the employee entrance. And at the end of their shift or if on a break they're leaving with a package, a purchase, they would need to check out with loss prevention."Exhibit attached to the Declaration of Hannah R. Salassi ("Salassi Decl."). Unless otherwise specified all Exhibits are attached to the Salassi Decl. *See also* Exhibit "D" Declaration of Madeline Wright ¶¶ 6, 7; Exhibit "E" Declaration of Tiffany Allen ¶¶ 6, 7; Exhibit "F" Declaration of Maya Zislis ¶¶ 6, 7; Exhibit "G" Declaration of Leslie Alford ¶¶ 6, 7; Exhibit "H" Declaration of Moira Albright ¶¶ 6, 7; Exhibit "I" Declaration of Claire Devine ¶¶ 6, 7; Exhibit "J" Declaration of Catherine Seymour ¶¶ 6, 7; Exhibit "K" Declaration of Katy Yu ¶¶ 6, 7; Exhibit "L" Declaration of Elba Portillo ¶¶ 6, 7; Exhibit "M" Declaration of Adrianna Alviso ¶¶ 6, 7; Exhibit "N" Declaration of Rickitta Warren ¶¶ 6, 7; and Exhibit "O" Declaration of Drucilla Barney ¶¶ 6, 7.

[2]  California Labor Code §§ 226.7 and 512; IWC Wage Order No. 7. While Plaintiff seeks damages and penalties for himself and the putative class for time spent undergoing the checks themselves as well as for missed meal/rest periods, the frequency of such violations is a damages issue not addressed in this motion.  Such damages questions may be easily handled through various trial management tools on a class-wide basis.  Fundamentally, the issues to be addressed in the present motion are the ascertainability of the class and whether the claims arise out of a common course of Macy's conduct.

[3]  Exhibit "P"Defendant's Operations Manual Internal Investigations (Macy's 001538-1575) ("Internal Investigations"), at 3.2.  Whether the 60% statistic for internal theft is accurate or not is irrelevant; it is Macy's belief in and reliance on such data that explains why this defendant goes to such efforts to install and enforce its package check policy. *See* Exhibit "Q" Deposition of Julie Avins ¶ 39:6-9, Macy's West dissolved into Macy's.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Given the modest damages available to any one class member, without class treatment Macy's wage and hour violations will likely go without redress. More importantly, the legality of Macy's inspection policy is an issue that can be resolved, just once, for all the putative class members. The claims of approximately 84,000 employees can be resolved swiftly and efficiently, in a single proceeding, making this case ripe for certification.[4]

## II.    STATEMENT OF FACTS

### A.    MACY'S STANDARDIZED BUSINESS OPERATIONS

Macy's is a leading world-wide retailer, operating approximately 800 stores across the United States, Puerto Rico and Guam and employing hundreds of thousands of individuals.[5] Catering its fashions to women, men, teenagers, and children, Macy's boasted sales in excess of $ 26 billion for the year ending in 2011.[6] In California alone, Macy's has 138 stores and the putative class has approximately 84,000 members.[7]

Not surprisingly, in order to efficiently manage its sprawling network of retail stores, Macy's relies on standardized systems. Macy's develops its corporate-wide policies and procedures on a national level and then sends them down the chain to the retail stores.[8]  Then, Macy's relies on a centralized human resource department to make sure the policies and procedures are uniformly enforced across Macy's stores not only in California, but nationwide. Macy's has a Human Resources task force that is responsible for formulating national human resources policies.[9] Macy's policies and procedures are then written into handbooks and manuals that communicate the company's standardized guidelines and expectations to its in-store employees, including the putative class members here.

---

[4]     *See* ("Salassi Decl.") ¶ 7.  Exhibit "A," Defendant's Email; and Exhibit "B" Class List.
[5]     Exhibit "R" Macy's *About Us,* http://www.macysinc.com/aboutus/  (last visited Jan. 23, 2013).
[6]     *Id.*
[7]     Exhibit "S" Macy's, *Stores by State*, http://www.macysinc.com/for-investors/store-information/stores-by-state/default.aspx (last visited Jan. 23, 2013); "Salassi Decl." ¶5.
[8]     Exhibit "Q" Deposition of Julie Avins ¶ 26:17-27:7, The Human Resource policy task force helps to create national policies and practices when needed; Exhibit "T" Defendant's Manager's Guide (Macy's 001528-1535)
[9]     Exhibit "Q" Deposition of Julie Avins ¶ 37:14-16. There is one Human Resource policy task force for the entire nation.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Specifically, according to Defendant's FRCP Rule 30(b)(6) deponents and documents:

- All Macy's retail employees (including members of in-store-management) receive a copy of the Employee Guide and must comply with the "employment practices and policies, expectations of workplace conduct,"[10] contained therein;

- Violations of the provisions of Macy's Employee Guide is grounds for discipline, including termination.[11]

The message from Macy's corporate is clear, everyone is expected to adhere to the same standards and behave in the same way.

## B.   ALL MACY'S RETAIL EMPLOYEES ARE TREATED THE SAME WAY

In its quest for uniformity, Macy's does more than just give all of its in-store employees the same written guidelines. All Macy's non-exempt retail employees also receive the same orientation or "on-boarding" process.[12] The on-boarding process is dictated by a series of guides Macy's corporate gives to the supervisory employees who give orientations, complete with visual aids and scripts.[13] As part of the on-boarding process, every employee is schooled in Macy's policies and procedures. "During orientation, I reviewed a handbook that described Macy's package check policy and **I was instructed to follow all of Macy's policies**, including package checks, as part of my employment." (Emphasis added).[14] After orientation, employees are required to complete additional training, standardized for each job position, where Macy's policies and procedures are reinforced.[15] As the evidence makes clear, no matter what his/her employment position, store location within

---

[10]     Exhibit "Q" Deposition of Julie Avins ¶ 66:12-20; Exhibit "U" Employee Guide (Macy's 001438-1526), at 3, "The policies and procedures in this Guide apply to all Macy's associates."
[11]     Exhibit "U," Employee Guide (Macy's 1438-1526), at 59-60
[12]     Exhibit "Q" Deposition of Julie Avins ¶ 46:4-25, a "Facilitators Guide" is used for orientation for all new-hires on a national basis, and all new-hire employees for in-store positions go through the orientation described in the guide.
[13]     Exhibit "Q" Deposition of Julie Avins ¶ 48:1-50:12, The orientation can be conducted by a combination of people, but only includes those in a supervisory role (i.e. managers and assistant managers).  Furthermore, there are a variety of tools supervisors use to conduct orientation including the Facilitators Guide, on-boarding packet, the Solutions In-Store brochure, videos and handouts; Exhibit "V" Macy's Facilitator Guide as part of Macy's Onboarding Prep Guide (Macy's 003884-3951).
[14]     Exhibit "D" Declaration of Madeline Wright ¶5.
[15]     Exhibit "Q" Deposition of Julie Avins ¶ 71:1-72:15.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

California, length of employment or other factors, <u>every member of the putative class is trained on and subject to the same policies and procedures.</u>

**C.      THE CHALLENGED POLICIES ARE IDENTICAL FOR ALL CLASS MEMBERS**

Of the numerous policies and procedures applicable to the putative class members, Plaintiff challenges two: 1) Macy's requirement that employees participate in package checks off-the-clock and 2) Macy's refusal to compensate its employees for that time.

As noted above, the most prominent and important communication between Defendant's corporate office and retail employees is the Employee Guide. This document is available in electronic format and/or printable by every Macy's retail employee.[16] The first policy challenged by Plaintiff is Macy's package check policy which <u>applies to all associates when "arriving, leaving, taking a break, or going out for lunch."</u>[17] Notably, as Bart Ahrellano, Macy's District Director of Loss Prevention testified, Macy's package check policies have been the same throughout the class period.[18]

Declarations from class members give the Court a picture of Macy's policy in practice. "In order to have the package check done Macy's policy is for me to exit through a designated employee door, and allow a member of loss prevention to inspect my bag."[19] Macy's confirmed the same: "[t]he general process would be employees start and end their day in the employee entrance. And at the end of their shift or if on a break they're leaving with a package, a purchase, they would need to check out with loss prevention." The package check policy is applicable whether the employee is leaving the premises to take breaks or at the conclusion of a shift. [20]

---

[16]      Exhibit "Q" Deposition of Julie Avins ¶ 66:12-20.
[17]      Exhibit "U" Employee Guide (Macy's 001438-1526), at 61.
[18]      Exhibit "C" Deposition of Arellano ¶¶ 84:11-19 and 107:10-17.
[19]      Exhibit "D" Declaration of Madeline Wright ¶ 7; *See also* Exhibit "E" Declaration of Tiffany Allen ¶ 7; Exhibit "F" Declaration of Maya Zislis ¶ 7; Exhibit "G" Declaration of Leslie Alford ¶ 7; Exhibit "H" Declaration of Moira Albright ¶ 7; Exhibit "I" Declaration of Claire Devine ¶ 7; Exhibit "J" Declaration of Catherine Seymour ¶ 7; Exhibit "K" Declaration of Katy Yu ¶ 7; Exhibit "L" Declaration of Elba Portillo ¶ 7; Exhibit "M" Declaration of Adrianna Alviso ¶ 7; Exhibit "N" Declaration of Rickitta Warren ¶ 7; and Exhibit "O" Declaration of Drucilla Barney ¶ 7.
[20]      Exhibit "D" Declaration of Madeline Wright ¶ 4; *See also* Exhibit "F" Declaration of Maya Zislis ¶ 4; Exhibit "G" Declaration of Leslie Alford ¶ 4; Exhibit "H" Declaration of Moira Albright ¶ 4; Exhibit "I"

Plaintiff's Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities in Support Thereof

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Macy's makes a concerted effort to make sure its package check policy is enforced:

- Macy's Employee Guide provides that policy violations can result in termination.[21]

- In promoting its loss prevention policies, Macy's emphasizes that "All Macy's associates are partners in preventing shortage…Whether external **or internal**, shortage hurts us all. So make shortage control part of your job, no matter what your responsibilities are."[22]

- Package check policies are taught to Macy's Loss Prevention personnel through uniform instructions.[23]

- Macy's expects its Loss Prevention personnel to conduct package checks daily.[24]

- The logs produced by Defendant show package checks conducted multiple times per day, every day.[25]

Furthermore, as a matter of policy, no matter how long employees might wait for a package check to be conducted, Macy's does not compensate its employees for that time.[26] Both Defendant's persons most knowledgeable and the putative class members confirm that employees are required to **clock out** before submitting to a package check. "[Employees] should be clocked out and they're on their way out of the building for the day," (prior to a package check).[27] Macy's also confirmed that it takes no other steps to compensate its employees for their time in package checks. "If (employees) are simply participating in a random package check and there is no reason for any further discussion and they exit the building, they are not paid for that time." [28] Moreover as Vice President of

---

Declaration of Claire Devine ¶ 4; Exhibit "J" Declaration of Catherine Seymour ¶ 4; Exhibit "K" Declaration of Katy Yu ¶ 4; Exhibit "L" Declaration of Elba Portillo ¶ 4; Exhibit "M" Declaration of Adrianna Alviso ¶ 4; Exhibit "N" Declaration of Rickitta Warren ¶ 4; and Exhibit "O" Declaration of Drucilla Barney ¶ 4.

[21]    Exhibit "U" Employee Guide (Macy's 001438-1526), at 59-60.
[22]    Exhibit "U" Employee Guide (Macy's 001438-1526), at 53.
[23]    Exhibit "H," Defendant's Loss Prevention Procedure (Macy's 001579).
[24]    Exhibit "C" Deposition of Arellano ¶91:21-92:1 Package checks should be completed at least once a day at the employee entrance. Exhibit "C" Deposition of Arellano ¶92:22-25.
[25]    Exhibit "X" Macy's Package Check Logs (Macy's 003785-3873).
[26]    Exhibit "Q" Deposition of Julie Avins ¶54:2-55:5.
[27]    Exhibit "C" Deposition of Arellano ¶ 97:1-25; *See also* Exhibit "D" Declaration of Madeline Wright ¶ 6; Exhibit "E" Declaration of Tiffany Allen ¶ 6; Exhibit "F" Declaration of Maya Zislis ¶ 6; Exhibit "G" Declaration of Leslie Alford ¶ 6; Exhibit "H" Declaration of Moira Albright ¶ 6; Exhibit "I" Declaration of Claire Devine ¶ 6; Exhibit "J" Declaration of Catherine Seymour ¶ 6; Exhibit "K" Declaration of Katy Yu ¶ 6; Exhibit "L" Declaration of Elba Portillo ¶ 6; Exhibit "M" Declaration of Adrianna Alviso ¶ 6; Exhibit "N" Declaration of Rickitta Warren ¶ 6; and Exhibit "O" Declaration of Drucilla Barney ¶ 6.
[28]    Exhibit "Q" Deposition of Julie Avins ¶ 54:2-55:5.

Plaintiff's Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities in Support Thereof

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Associate Relations for Macy's Corporate Services Julie Avins admitted, <u>all stores follow the same</u>

<u>procedure</u>.[29]

The result of these package check policies, Plaintiff alleges, is that employees are routinely and **unlawfully** denied compensation for time worked and full meal and rest breaks. As explained in more detail in Section III, *infra*, the ability of the Court and/or trier of fact to <u>answer</u> the question of whether Macy's package check policies are unlawful is at the heart of why this case is perfect for class certification.

## III. LEGAL ARGUMENT

### A. <u>CLASS CERTIFICATION IS APPROPRIATE UNDER RULE 23</u>

Plaintiff brings this action on behalf of himself and all Macy's non-exempt retail workers for identical violations of California's wage laws.  Specifically, Plaintiff asks this court to certify a class consisting of:

> *All persons who are/were employed by Macy's in non-exempt retail positions in one or more of its California retail stores at any time between December 21, 2007 to the present.*

Federal Rules of Civil Procedure Rule 23(a) provides that class certification is authorized when the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of those of the class and the representative parties will fairly and adequately protect class interests. Plaintiff, his counsel and the class meet all of the Rule 23(a) requirements.[30]

Secondly, to maintain a class action, Rule 23(b) requires the plaintiff to establish that common questions of law or fact predominate and class resolution is superior to other available

---

[29]   Exhibit "Q" Deposition of Julie Avins ¶ 17:13-18:2, Employee package check policies and procedures do not vary from store to store."

[30]   Other factors favoring certification include 1) the modest value of the claims militates against workers filing individual actions, as does the fear of retaliation; and 2) the class consists of well over 84,000 persons, making joinder of any significant segment of the putative class nearly impossible. Certifying this action furthers the "strong public policy favoring class actions as a means to prevent a failure of justice in our legal system." *Linder v. Thrifty Oil Co.*, 23 Cal. 4th 429, 434 (2000).

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Plaintiff's Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities in Support Thereof

methods for fair and efficient adjudication of the controversy. Given that the claims in this case rely on identical policies and procedures for all class members, <u>all</u> questions of law are common and the vast majority of factual issues are common as well. No mechanism other than the class action procedure will adequately and efficiently serve the interests of the class members, counsel and the Court.

### 1.   The Proposed Class is Sufficiently Numerous

Numerosity requires that joinder of all members be impracticable. Rule 23(a)(1); *see also*, *In re Ferrero Litig.*, 278 F.R.D. 552, 557 (S.D. Cal. 2011). Numerosity does not require that joinder be impossible, but rather, whether it would be " '…difficult or inconvenient to join all members of the class.' " *Campion v. Old Republic Home Protec. Co., Inc.*, 272 F.R.D. 517, 526 (S.D. Cal. 2011) *reconsideration denied*, 09-CV-748-JMA NLS, 2011 WL 1935967 (S.D. Cal. 2011) (quoting *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964)) When, as here, the class consists of more than 84,000 members, joinder is clearly impracticable.[31] Without class treatment, the likelihood is tens of thousands of under-represented workers will be obliged to forego their claims.

### 2.   The Proposed Class Representative's Claim Is Typical of That of the Class

Rule 23(a)(3) requires a showing of typicality, which the Ninth Circuit interprets permissively. *Villa v. United Site Servs. of Cal., Inc.,* 2012 U.S. Dist. LEXIS 162922, *17-18 (N.D. Cal. Nov. 13, 2012). Typicality requires that the named plaintiff be a member of the class he/she represents and "possess the same interest and suffer the same injury." *In re Autozone, Inc.,* 2012 U.S. Dist. LEXIS 181597, *65 (N.D. Cal. Dec, 21, 2012) (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982)  The named plaintiff's claims *need not be identical* to the claims of the class to satisfy typicality; rather, the claims are typical if they are "reasonably co-extensive with those of absent class members." *Villa,* 2012 U.S. Dist. LEXIS 162922 at *17-18. It is sufficient for plaintiff's claims to "arise from the same remedial and legal theories." *Campbell v. First*

---

[31]     "Salassi Decl." ¶ 6.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Plaintiff's Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities in Support Thereof

*Investors Corp.,* 2012 U.S. Dist. LEXIS 155549, *5 (S.D. Cal. Oct. 29, 2012) (quoting *Arnold v. United Artists Theatre Cir., Inc.,* 158 F.R.D. 439, 449 (N.D. Cal. 1994)).

Moreover, Rule 23's typicality and commonality (*discussed*, *infra*) requirements "tend to merge," and a finding of commonality ordinarily will support a finding of typicality. *In re Taco Bell Wage & Hour Actions,* 2012 U.S. Dist. LEXIS 168219, *20-21 (E.D. Cal. Nov. 26, 2012) (quoting *General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982))

Here, named plaintiff Steven Quinlan's claims are not only typical of, but <u>identical to</u>, those of the putative class. First, Mr. Quinlan worked as a non-exempt Stock Person, at the Union Square Macy's store in San Francisco from September 29, 1998 until June 21, 2012.[32] Second, during his tenure as a Macy's employee, Mr. Quinlan, like every other member of the putative class, was subject to package checks when he exited the store for breaks and at the end of his shift.[33] Also, like all of the members of the putative class, Mr. Quinlan was not compensated for the time spent in package checks.[34] As a result, Mr. Quinlan suffered the same alleged injury/damage (i.e., lost wages, interrupted meal and rest periods) as the rest of the putative class, and has the same interests (i.e., to secure an injunction and recover damages).[35] The typicality requirement is met.

### 3.   The Proposed Class Representative will Adequately Represent the Class

Rule 23(a)(4) requires that the proposed representative fairly and adequately protect the interests of the class, have no conflicts of interest and be represented by qualified counsel. *Misra v. Decision One Mortg. Co.,* 2009 U.S. Dist. LEXIS 119468, *14-15 (C.D. Cal. Apr. 13, 2009) Qualified counsel are attorneys experienced and generally able to conduct the litigation. *Social Servs. Union, Local 535 v. County of Santa Clara,* 609 F.2d 944, 947 (9th Cir. 1979) (footnote omitted).

---

[32]     Exhibit "Y" Declaration of Steven Quinlan ("Quinlan Decl."), ¶ 2.
[33]     Exhibit "Y" Quinlan Decl., ¶ 4.
[34]     Exhibit "Y" Quinlan Decl., ¶ 6.
[35]     Exhibit "Y" Quinlan Decl., ¶¶ 4, 10, 11.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

In this case, there is no evidence of antagonism between Mr. Quinlan or his attorneys and the class members, and, even if an issue arose, any class member who wishes to "opt out" will have an opportunity to do so. Moreover, Plaintiff's attorneys are experienced class action litigators in a firm devoted to the prosecution of wage and hour class actions like this one.[36] Plaintiff and his counsel thoroughly investigated the claims through a lengthy discovery process that included document requests and production, interrogatories, multiple depositions of Defendant's persons most knowledgeable and interviews with putative class members.[37] In addition, Plaintiff and his counsel have been and will continue vigorously pursuing this action on behalf of the class.[38]

### 4. The Common Question Standards of Rule 23(a)(2) and 23(b)(3) are Satisfied
#### a. Commonality Standards

Plaintiff Quinlan moves this Court for an Order certifying this case as a class action under Fed. R. Civ. P. 23(a) and 23(b)(3). Rule 23(a)(2) requires the Court to find questions of law or fact common to the class exist, a standard widely held to be construed "permissively" (*Hanlon*, 150 F.3d at 1019), with even "one significant issue common to the class [being] sufficient to warrant certification." *Dukes v. Wal-Mart, Inc.,* 509 F.3d 1168, 1177 (9th Cir. Cal. 2007). Moreover, class certification under Rule 23(b)(3) is satisfied if:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

"Rule 23(b)(3) focuses on the relationship between the common and individual issues." *Sullivan v. Kelly Servs.*, 268 F.R.D. 356, 363 (N.D. Cal. 2010) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. Cal. 1998))

As explained in Newberg's treatise, while the meaning of "predominance" has remained enigmatic, "[m]ost courts have agreed on what the predominance test does not entail." 2 *Newberg* § 4:25 (4th Ed. 2002) at 169. Specifically, as Professor Newberg explains:

---

[36] The qualifications of class counsel have been set forth in "Salassi Decl.", ¶¶ 31-34.
[37] "Salassi Decl." ¶ 3.
[38] "Salassi Decl." ¶ 4.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

The test was not meant to require that the common issues will be dispositive of the controversy or even be determinative of the liability issues involved. ... In addition, the predominance requirement is not a numerical test that identifies every issue in the suit as suitable for either common or individual treatment and determines whether common questions predominate by examining the resulting balance on the scale. A single common issue may be the overriding one in the litigation, despite the fact that the suit also entails numerous remaining individual questions. ... In finding that common questions do predominate over individual ones in particular cases, courts have pointed to such issues that possess the common nucleus of facts for all related questions, have spoken of a common issue as the central or overriding question, or have used similar articulations. ... Implicit in all these articulations of satisfaction of the predominance test is the notion that adjudication of the common issues of the particular suit has important and desirable advantages of judicial economy compared to all other issues, or when viewed by themselves. 2 *Newberg* (4th ed.) § 4:25.

### b.  A Classwide Proceeding will Generate Common Answers

The United States Supreme Court recently issued a fresh perspective on the class certification standard: " 'what matters to class certification…is not the raising of common "questions" – even in droves – but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive resolution of the litigation.' " *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2551 (2011) (quoting 84 N.Y.U.L. Rev. 97, 132) (emphasis in original). Here, Macy's uniform package check policy, coupled with its across-the-board refusal to provide wages or break penalties, mean that a class action proceeding will provide the common, predominant answers needed to resolve this litigation.[39]

In any litigation, the answer to the question of a defendant's liability is fundamentally "yes" or "no." In this case, the answer to Macy's liability is either "yes, the package check policies are lawful" or "no, the package policies are not lawful." Unique to class actions is the fact that these answers must be fairly arrived at on behalf of everyone in the class.

As explained in the statement of facts, there is <u>no dispute</u> that Macy's has a package check policy applicable to all of its California stores.[40] The package check may be conducted when an

---

[39]   Moreover, as discussed in more detail, *infra*, while damages issues (which are *expected* to remain for adjudication at trial) are, at least to some degree, unique to each class member, they can be addressed through the use of common trial management tools

[40]   Exhibit "Q" Deposition of Julie Avins ¶ 30:23-31:4 "The human resource policy on package checks that appears in the Macy's associate guide is for all employees, all Macy's store employees nationwide."

1  employee leaves for a meal or rest break, or at the conclusion of a shift.[41] There is equally no dispute

2  that package checks <u>are</u>, in practice, conducted in Macy's stores.[42] Finally, Defendant admits it does

3  not compensate its employees for time spent in package checks.[43] Flowing from these common

4  policies and practices are the answers to Defendant's liability, on behalf of everyone in the class.

5         The answer to whether Defendant's package check policy is lawful can be reached in one of

6  two ways. First, Plaintiff alleges Macy's package check policy violates California's requirement that

7  employees be compensated for all time worked.[44] California requires compensation not only for all

8  time employees spend actively performing their jobs, but also for all time spent "subject to the

9  control of an employer." *See, e.g.*, *Rutti v. Lojack Corp.*, 596 F.3d 1046, 1061 (9th Cir. Cal. 2010)

10  (quoting *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 578 (2000)); *IBP, Inc. v. Alvarez*, 546 U.S.

11  21 (2005). Plaintiff contends that the time employees spend in package checks is time subject to

12  Macy's control and therefore compensable. At trial, the Court and/or the jury will hear much of the

13  same evidence presented here: testimony from Macy's persons most knowledgeable and class

14  members and documents such as the logs, which show the regularity and frequency of Macy's

15  package checks.[45] If the Court or trier of fact determine that package checks are time subject to

16

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

17  [41]    Exhibit "U," Employee Guide (Macy's 1438-1526), at 61.

18  [42]    Exhibit "C" Deposition of Arellano ¶ 96:18-22 "So the general process would be employees start and end their day in the employee entrance. And at the end of their shift or if on a break they're leaving with a package, a purchase, they would need to check out with loss prevention."  *See also* Exhibit "D" Declaration of Madeline

19  Wright ¶¶ 4-7; Exhibit "E" Declaration of Tiffany Allen ¶¶ 4-7; Exhibit "F" Declaration of Maya Zislis ¶¶ 4-7; Exhibit "G" Declaration of Leslie Alford ¶¶ 4-7; Exhibit "H" Declaration of Moira Albright ¶¶ 4-7; Exhibit "I"

20  Declaration of Claire Devine ¶¶ 4-7; Exhibit "J" Declaration of Catherine Seymour ¶¶ 4-7; Exhibit "K" Declaration of Katy Yu ¶¶ 4-7; Exhibit "L" Declaration of Elba Portillo ¶¶ 4-7; Exhibit "M" Declaration of Adrianna Alviso ¶¶

21  4-7; Exhibit "N" Declaration of Rickitta Warren ¶¶ 4-7; and Exhibit "O" Declaration of Drucilla Barney ¶¶ 4-7.

[43]    Exhibit "Q" Deposition of Julie Avins ¶ 54:2-55:5 "If (employees) are simply participating in a random

22  package check and there is no reason for any further discussion and they exit the building, they are not paid for that time."  *See also* Exhibit "D" Declaration of Madeline Wright ¶ 6, "If I was leaving the store for a meal break, or at

23  the end of my shift, Macy's policy requires me to clock out before the package check, not after."; *See also* Exhibit "E" Declaration of Tiffany Allen ¶ 6; Exhibit "F" Declaration of Maya Zislis ¶ 6; Exhibit "G" Declaration of Leslie

24  Alford ¶ 6; Exhibit "H" Declaration of Moira Albright ¶ 6; Exhibit "I" Declaration of Claire Devine ¶ 6; Exhibit "J" Declaration of Catherine Seymour ¶ 6; Exhibit "K" Declaration of Katy Yu ¶6; Exhibit "L" Declaration of Elba

25  Portillo ¶6; Exhibit "M" Declaration of Adrianna Alviso ¶6; Exhibit "N" Declaration of Rickitta Warren ¶6; and Exhibit "O" Declaration of Drucilla Barney ¶6.

26  [44]    *See* ECF Docket No. 1, Exhibit A.

[45]    *See generally* Exhibit "D" Declaration of Madeline Wright; Exhibit "E" Declaration of Tiffany Allen;

27  Exhibit "F" Declaration of Maya Zislis; Exhibit "G" Declaration of Leslie Alford; Exhibit "H" Declaration of Moira Albright; Exhibit "I" Declaration of Claire Devine; Exhibit "J" Declaration of Catherine Seymour; Exhibit "K"

28  Declaration of Katy Yu; Exhibit "L" Declaration of Elba Portillo; Exhibit "M" Declaration of Adrianna Alviso;

Plaintiff's Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities in Support
Thereof

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    Macy's control, the answer is <u>yes</u>, Macy's is liable for unpaid wages. Conversely, if the answer is

2    that Macy's package checks are not time subject to its control, then no, Macy's is not liable for

3    unpaid wages to Plaintiff or any member of the class.[46]

4         The same is true regarding Macy's liability for interference with meal and rest breaks. As the

5    Court is aware, California has strict requirements regarding employees' entitlement to meal and rest

6    breaks. Specifically, employees are entitled to at least a net 10 minute rest break for every four hours

7    worked or major fraction thereof and to at least a 30 minute meal break for any shift of five hours or

8    more. Cal. Lab. Code §§ 226.7, 512; IWC Wage Order No. 7 §§ 11-12; 8 Cal. Code Reg. § 11040.

9    Notably, the 10 and 30 minute increments for breaks are the **<u>minimum</u>** requirements. *Id.* At trial, the

10   Court or trier of fact will hear testimony from Macy's and Plaintiff's witnesses regarding Macy's

11   failure to provide at least 10 minutes for rest breaks and 30 minutes for meal breaks to employees

12   when they receive package checks. With that common evidence, the answer to whether Macy's

13   package check policy violates California meal and rest break law can be arrived at once, for Plaintiff

14   and approximately 84,000 members of the putative class.[47]

15
16        **c.    <u>Courts Have Already Determined Cases Like this are Suited for Class Certification</u>**

17        Courts within this District have already acknowledged that cases challenging a defendant's

18   inspection policy are amenable to class treatment. For example, in *Kurihara v. Best Buy Co*., 2007

19   U.S. Dist. LEXIS 64224 (N.D. Cal. Aug. 29, 2007), the factual predicates were substantially the

20   same. Best Buy distributed policies developed at its corporate headquarters to all employees, *e.g.*

21   Employee Handbook. *Id.* at *3. The Handbook required Best Buy employees to comply with all

22

23   Exhibit "N" Declaration of Rickitta Warren; and Exhibit "O" Declaration of Drucilla Barney. See also Exhibit "X," Macy's Package Check Logs (Macy's 003785-3873).  *See generally* Exhibit "Q" Deposition of Julie Avins.

24   [46]   This preponderance of common issues on similar factual underpinnings is why this matter is far from being the first case to achieve certification status for "off-the-clock" violations of state or federal wage laws. *See, e.g.*,

25   *McLaughlin v. Ho Fat Seto*, 850 F.2d 586 (9th Cir. 1988) ("off-the-clock" class certified); *IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005) ("off-the-clock" class certified); *Gutierrez v. Kovecavich "5" Farms*, 2004 WL 3745224 (E.D. Cal.

26   2004) ("off-the-clock" class certified).

27   [47]   While Mr. Ahrellano asserted that not every single employee was subject to package checks every single time he/she left a Macy's store, he did testify that all stores are expected to, and do, conduct package checks on a routine basis. Exhibit "C" Deposition of Arellano ¶91:21-92:1 Package checks should be completed at least once a

28   day at the employee entrance. Exhibit "C" Deposition of Arellano ¶ 92:22-25.

Plaintiff's Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities in Support Thereof

company policies and rules, including helping to prevent "shrink" (loss of inventory, cash or other company property). *Id.* at *4. Like Macy's, one of Best Buy's shrink-prevention methods was requiring managers and/or loss prevention personnel to conduct employee inspections ("Inbound Employee Inspections" and "Outbound Employee Inspections"). *Id.* at *5. Despite the defendant's assertion of myriad "individualized issues," Judge Patel found:

> Plaintiff has provided substantial evidence of the existence of a company-wide policy whereby employees are subject to inspections, and not compensated for the time spent on those inspections. This policy forms the bases of the alleged injuries at the center of this action. Although Plaintiff has submitted little or no evidence as to the implementation of that policy, the detailed nature of the policy itself, and the reasonable inferences which can be drawn from them, constitute sufficient evidence to satisfy plaintiff's burden as to the predominance of common questions…The overarching question of whether this policy results in unlawful undercompensation, however, is common and predominant. *Id.* at *29.[48]

After reviewing the evidence and reaching the conclusions outlined above, Judge Patel granted class certification. *Id.* at *34.

The analysis applied by Judge Patel has been reinforced in subsequent decisions by both federal and state courts in California. In *Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004 (2012), the California Supreme Court addressed Brinker's admittedly common, uniform rest break policy, which was established at Brinker's corporate headquarters and equally applicable to all employees. Brinker also admitted that its rest break policy did not account for rest breaks for every four hours worked *or major fraction thereof*. *Id.* at 1033. In upholding the trial court's grant of class certification, the *Brinker* court found: "classwide liability could be established through common proof if [Plaintiff] were able to demonstrate that, for example, Brinker under this uniform policy refused to authorize and permit a second rest break for employees working shifts longer than six, but shorter than eight, hours. <u>Claims alleging that a uniform policy consistently applied to a group of</u>

---

[48]    Notably, the decision reached in *Kurihara v. Best Buy Co*. has been, and continues to be, cited with approval. *See, e.g., Kamar v. Radio Shack Corp.*, 254 F.R.D. 387, 399 (C.D. Cal. 2008); *Arrendondo v. Delano Farms Co.*, 2011 U.S. Dist. LEXIS 44134, *47-48 (E.D. Cal. Apr. 18, 2011); *Gales v. WinCo Foods*, 2011 U.S. Dist. LEXIS 96125, *25 (N.D. Cal. Aug. 26, 2011); *Gopi Vedachalam v. Tata Consultancy Servs.*, 2012 U.S. Dist. LEXIS 46429, *38 (N.D. Cal. Apr. 2, 2012); *In re Autozone, Inc.*, 2012 U.S. Dist. LEXIS 181597, *19-21 (N.D. Cal. Dec. 21, 2012).

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

employees is in violation of the wage and hour laws are of the sort routinely, and properly, found suitable for class treatment." *Id.* at 1033.

In a recent decision by a California federal court, Judge Breyer reviewed wage and hour claims regarding off-the-clock work and meal and rest breaks. *In re Autozone, Inc.,* 2012 U.S. Dist. LEXIS 181597 (N.D. Cal. Dec. 21, 2012). In reaching his decision on class certification, Judge Breyer relied on both *Kurihara* and *Brinker* to reach the same conclusion, "claims based on a uniform policy are entitled to class certification." *Autozone,* 2012 U.S. Dist. LEXIS 181597 at *21. The similarities are obvious. Macy's has a package check policy that is developed at its corporate headquarters and is uniformly applied to all class members. Like *Kurihara*, *Brinker*, and *In re Autozone*, whether Defendant's package check policy is unlawful can be answered one time, on behalf of the entire class. This case begs for class treatment.

### i.   All Remaining Liability Issues Can Be Addressed Via Class Treatment

Once the Court or trier of fact answer whether Defendant's package check policies are lawful, all of Plaintiff's remaining claims can be resolved class-wide as well. For instance, flowing from whether the package check policy was unlawful in the first place are to answers to whether:

- Defendant's failure to compensate its employees for time spent in package checks constitutes arbitrary, unreasonable and/or bad faith conduct (for purposes of determining class-wide entitlement to "waiting time" penalties under California Labor Code section 203) and;

- Whether Defendant systematically violated California Labor Code section 1174 by failing to keep accurate records of employees' hours of work (i.e., during inspections).

If employees <u>are</u> to be compensated for time spent in package checks, then Defendant is liable for failing to keep accurate time records. Similarly, if Defendant is found liable for failing to compensate employees for time in package checks, then a class-wide determination can be made

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    whether those policies and practices were arbitrary, unreasonable and/or in bad faith, resulting in

2    Defendant's liability for waiting time penalties.

3           Assuming Plaintiff successfully establishes Defendant's liability, the last phase of trial will

4    be to determine the class members' entitlement to, and amount of, damages. As courts have

5    repeatedly recognized, the issue of damages in class actions can be formulaically addressed through

6    well-established and efficient procedures such as questionnaires, surveys or representative sampling

7    and testimony. *See, e.g., Allied Orthopedic Appliances, Inc. v. Tyco Healthcare Group L.P.*, 247

8    F.R.D. 156, 176 (C.D. Cal. 2007) (citing *In re Visa Check/Mastermoney Antitrust Litig. v. Visa,*

9    *United States*, 280 F.3d 124, 141 (2d Cir. N.Y. 2001)) ("After all, as the *In re Visa* court observed,

10   district courts retain numerous tools to manage individual damages issues that might arise at later

11   stages of the litigation, including: (1) bifurcating liability and damage trials, (2) appointing a Special

12   Master to preside over individual damages proceedings, (3) decertifying the class after the liability

13   phase, (4) creating subclasses, or (5) altering the composition of the class.").

14          The inescapable conclusion here is that Plaintiff's claims are particularly well-suited for class

15   treatment and his request for class certification should be granted.

16

17   **B.      A CLASS ACTION IS THE SUPERIOR METHOD OF ADJUDICATING THESE CLAIMS**

18          The superiority of class treatment to other available methods of litigating these claims is

19   clear. Without class treatment, each individual class member would be required to participate in the

20   costly and time consuming process of seeking and compelling discovery, taking depositions of

21   Defendant's persons most knowledgeable, retaining experts to analyze the same kinds of information

22   and litigating the numerous issues concerning damages and penalties. Moreover, separate lawsuits

23   would require analysis of the same core evidence by a multitude of courts and juries. Finally, the

24   disparity in resources between class members and an extraordinarily-large private employer such as

25   Macy's could easily intimidate and dissuade potential plaintiffs from proceeding individually.

26          "[I]t is no accident that 'wage and hour disputes...routinely proceed as class actions.'"

27   *Ghazaryan v. Diva Limousine, Ltd.*, 169 Cal.App.4th 1524, 1538 (2008), citing *Prince v. CLS*

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  *Transportation, Inc.*, 118 Cal.App.4th 1320, 1328 (2004); *Sav-On*, 34 Cal.4th at 340 ("A class action

2  is superior to multiple individual lawsuits. The needless expenditure of additional time, effort and

3  money that would be attendant to numerous individual suits is greatly reduced, and the potential for

4  differing outcomes is avoided as well."). Indeed, as the *In re Autozone* court astutely observed, "[t]he

5  alternative – thirty thousand individual actions about the same policy – seems far more problematic."

6  *Autozone,* 2012 U.S. Dist. LEXIS 181597 at *26.

7

8  **IV.     CONCLUSION**

9        Rule 23 was designed to prevent repetitious litigation and allow courts to manage cases on a

10  representative basis. The class here squarely meets all the requirements of Rule 23(a) and 23(b)(3),

11  and no other mechanism will adequately resolve the issues presented here in an efficient and fair

12  manner. Accordingly, Plaintiff respectfully requests this Court enter the [proposed] Order.

13

14  Dated: February 11, 2013

15                                              Respectfully Submitted

16                                              **SCOTT COLE & ASSOCIATES, APC**

17

18

19                                    By:     /s/ Hannah R. Salassi, Esq.
                                              Hannah R. Salassi, Esq.
20                                            Attorneys for the Representative Plaintiffs
                                              and the Plaintiff Class

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Plaintiff's Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities in Support
Thereof